UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| STACEY L. YOHE, )<br> )<br>                         Plaintiff, )<br>vs. )<br> )<br>SAFE HAVEN SECURITY SERVICES, LLC, )<br> )<br>                         Defendant(s). )<br>_____ ) | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

This action is brought to remedy discrimination on the basis of gender, disability and age and retaliation all with respect to the terms, conditions and privileges of employment. This discrimination and retaliation action is brought pursuant violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII"); the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, 12112(b), as amended by the Americans with Disabilities Act Amendments Act ("ADAAA"), Pub. L. No. 110-325, §8; 122 Stat. 3553 (Sept. 25, 2008); the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et.seq.*("ADEA").

Plaintiff was subjected to a hostile work environment and terminated from her employment in a manner that indicates discriminatory inequalities in treatment and retaliation. As a result, Plaintiff suffered damages as set forth herein.

1. Plaintiff is a female citizen of the United States and a resident of Horry County, South Carolina.

2. Defendant, Safe Haven Security Services, LLC, "Safe Haven", is a corporation incorporated in Missouri and licensed to do business in Myrtle Beach, South Carolina.

3. On October 4, 2023, the Equal Employment Opportunity Commission issued Plaintiff a notice, regarding her charge number 14C-2022-00626, informing her of her right to sue Defendant in response to her charge of discrimination on the basis of disability age and gender.

4. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under ADA, ADEA and Title VII. Jurisdiction of this Court is proper under §706(f)(1),(3) of Title VII, 42 U.S.C. §2000e - 5(f)(3); Section 7(b) of the ADEA as amended, 29 U.S.C. §626(b); pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a). This Court also has jurisdiction of this matter under federal question jurisdiction, 28 U.S.C. §§1331, civil rights jurisdiction 28 U.S.C. §§1343.

5. Pursuant to 28 U.S.C. §1391, venue is properly laid in this district because Defendant conducts substantial, systematic, and continuous activity in this district and is subject to personal jurisdiction in this district, and because all of the acts underlying this lawsuit occurred in this district.

6. Plaintiff was employed with Defendant, Safe Haven, from February 17, 2020 to February 11, 2022, most recently as an Outside Sales Co-Manager.

7. Defendant is an employer within the meaning of 42 U.S.C. §12111 5(A) and 29 U.S.C. §2611(4).

8. In violation of Title VII, ADA and ADEA, Defendant took the following actions against Plaintiff:

a. Plaintiff was subjected to sexual harassment from on or about June 1, 2021 to February 11, 2022, as she was subjected to unwanted sexual comments and innuendos such from a male employee and slaps on the behind.

b. Plaintiff was subjected to comments saying she should tape herself in the shower.

c. Plaintiff, over the age of 40, was subjected to comments about her appearance, such as "wow you have aged".

d. Plaintiff was treated in a manner different than male employees with respect to Defendant work expectations of Plaintiff and heightened scrutiny of Plaintiff and unwarranted or unequal discipline toward Plaintiff.

e. Defendant had a record of Plaintiff's disability.

f. Plaintiff informed Defendant of her medical condition and need to miss work intermittently; and Defendant disregarded her skin condition with comments like "just take your clothes off".

g. Plaintiff emailed HR on February 8, 2022, regarding her need for medical leave; and the Regional Manager indicated that she needed to take extended leave to deal with her medical issues.

h. Defendant terminated Plaintiff on February 11, 2022, without legitimate business justification for doing so.

i. Before termination, Plaintiff had been performing satisfactorily and her office was a top performing office in 2021.

j. Plaintiff's coworkers were motivated to make false claims.

9. Over the course of her employment, it would appear from the above referenced conduct of Defendant that Plaintiff was subjected to age, gender and disability discrimination and violation of her civil rights with respect to the terms, conditions and discipline relating to employment.

10. Plaintiff's male coworkers were not subjected to comments about their appearance or strict scrutiny of work performance or disciplined for employee complaints in the same manner as Plaintiff.

11. Other female employees similarly situated to Plaintiff experienced or witnessed similar discriminatory acts while working for Defendant.

12. Plaintiff was held to a different employment standard than her male coworkers who did not work with a disability; and she voiced her concerns to the regional manager and co-manager about the lack of respect and unfair discipline. She was not taken seriously and no proper investigation was performed.

13. Defendant's acts of discrimination within Defendant's employment practices and work environment were performed with malice and reckless indifference to Plaintiff's protected civil rights.

14. Defendant's facially neutral policies and procedures were applied in a discriminatory and retaliatory manner and in a manner which had a disparate impact on Plaintiff.

15. Plaintiff was subjected to the retaliatory and discriminatory practices of her employer. As a result of the acts of discrimination based on age, gender and disability, as well as retaliation, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities.

## FIRST CAUSE OF ACTION
## (TITLE VII – GENDER DISCRIMINATION)

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17. Plaintiff is a female over the age of 40 who lives with a disabling condition, and who was performing satisfactorily in her employment. Defendant subjected Plaintiff to adverse employment actions of heightened scrutiny, hostile work environment, unequal discipline, denial of accommodation and termination. Defendant did not treat similarly situated males in the same manner as Plaintiff was treated.

18. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her gender in violation of Title VII; and the unlawful employment practices were willful and Defendant knew or should have known the effect of its unlawful business practices.

19. As a result of the acts of discrimination based on age, gender and disability as well as retaliation, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## SECOND CAUSE OF ACTION
## 29 U.S.C. 623 - AGE DISCRIMINATION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this Complaint.

21. Plaintiff is a female over the age of 40 who lives with a disabling condition, and who was performing satisfactorily in her employment. Defendant subjected Plaintiff to a hostile work environment with comments about her appearance such as "wow you have aged".

22. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her age in violation of ADEA 29 U.S.C. §626; and the unlawful employment practices were willful and Defendant knew or should have known the effect of its unlawful business practices.

23. As a result of the acts of discrimination based on age, gender and disability as well as retaliation, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

### THIRD CAUSE OF ACTION
### (ADA DISCRIMINATION)

24. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this Complaint.

25. Plaintiff is a female over the age of 40 who lives with a disabling condition who was performing satisfactorily in her employment and who is capable of performing the majority of her job duties with an accommodation as needed.

26. Defendant subjected Plaintiff to adverse employment actions of heightened scrutiny, hostile work environment, unequal discipline, denial of accommodation and

      termination. Defendant did not treat similarly situated employees without a disability in the same manner as Plaintiff was treated.

27. Defendant disciplined Plaintiff and denied Plaintiff accommodations and terminated Plaintiff in retaliation, 3 days after making a request for an accommodation.

28. Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her disability in violation of the Americans with Disabilities Act; and the unlawful employment practices were willful and Defendant knew or should have known the effect of its unlawful business practices.

29. As a result of the acts of discrimination based on age, gender and disability as well as retaliation, Plaintiff has suffered financial and emotional distress, impaired reputation and the loss of employment opportunities. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

WHEREFORE, Plaintiff respectfully prays that this Court enter a judgment:

A. Declaring that the acts and practices complained of are in violation of ADA, ADEA and Title VII;

B. Enjoining and permanently restraining these violations of law;

C. Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory and retaliatory treatment of her, and make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including, but not limited to, wages, pension and other lost benefits;

D. Awarding Plaintiff costs of this action together with reasonable attorney's fees as provided by 42 U.S.C. §12205 and 42 U.S.C. §12117;

E. Directing Defendant to pay Plaintiff compensatory damages and damages for her emotional distress, mental anguish and humiliation; and other compensatory and punitive damages allowable under 2 U.S.C. §1311(b)(3) and 42 U.S.C. §12117(a) in the amount to be determined by a jury; and,

F. Awarding Plaintiff such other and further relief pursuant to 29 U.S.C. §2617 as this Court deems just and proper.

WUKELA LAW FIRM

By: s/ Pheobe A. Clark
**Pheobe A. Clark**
Federal ID No. 9888
Post Office Box 13057
Florence, SC  29504-3057
Phone: (843) 669-5634
Fax:    (843) 669-5150

December 19, 2023